UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY JEAN BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01279-RHH |
| | ) | |
| JSP LEASING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is attorney Steven R. White's Motion to Withdraw. (ECF No. 23.) The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

In the motion, White seeks to withdraw as Defendant JSP Leasing, LLC's counsel of record because "he has insufficient experience in the substantive law of the case." *Id.* The time for Plaintiff's opportunity to respond to the motion has not yet expired, and so, the Court will not rule on the motion at this time. Nevertheless, the undersigned issues this order to bring its concerns to the parties' attention.

The motion is concerning for two reasons. First, the stated reason for the request is not a basis for withdrawal that is seen often. The undersigned is unsure what has changed between the time when White agreed to represent Defendant and the time when White filed the present motion. White entered his appearance and filed an answer to Plaintiff's Complaint on February 26, 2025. (ECF Nos. 13, 24.) White presumably reviewed Plaintiff's Complaint and related filings describing the basis for the lawsuit before filing an Answer on behalf of Defendant. Since that time, there has been little activity on the docket in this matter. On March 6, 2025, the Court set a Rule 16 Conference currently scheduled for April 22, 2025. (ECF No. 17.) On March

10, 2025, the pro se plaintiff filed a motion to appoint counsel, and the Court subsequently denied the motion. (ECF Nos. 18, 22.) Then, on March 28, 2025, White filed the present motion.

Second, White's motion is silent as to whether he has adequately notified Defendant of the withdrawal motion, whether his client objects or consents to the withdrawal, whether his client intends to find new counsel, and whether his client understands the potential consequences of failing to procure new counsel. (*See* ECF No. 23.) The Court is not inclined to grant the motion without this information.

The Court will take this opportunity to remind White and the parties of the limitations regarding allowing business entities to go unrepresented in federal court. Defendant JSP Leasing, LLC is a limited liability company.[1] Absent exceptional circumstances, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. That principle applies with special force in cases where the client is a corporation or similar artificial entity, as an artificial entity can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citation omitted).

If the Court granted White's motion to withdraw, Defendant would be a *pro se* litigant in this Court. Because Defendant is a limited liability company and cannot appear *pro se*, Defendant would need to secure new counsel, or it could be subject to a default judgment. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996) (corporation was

---

[1] White's motion merely refers to the Defendant as "Defendant" in his motion, and as "JSP LEASING" in the motion's caption. This is a change from White's initial pleadings, wherein the case caption and body of the Entry of Appearance and Answer both refer to Defendant as "JSP LEASING, LLC," acknowledging Defendant's status as a limited liability company. *Compare* ECF No. 23 *with* ECF Nos. 13, 14.

2

technically in default as of the time its counsel withdrew). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014) (quoting *R. Maganlal & Co. v. M.G. Chem. Co., Inc.,* 1996 WL 715526, at *2 (S.D.N.Y. Dec. 12, 1996)); *Ackra Direct,* 86 F.3d at 856-57 (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). Defendant JSP Leasing, LLC cannot file any papers or motions in this case except through a licensed attorney.

In light of the above, the Court holds White's motion in abeyance and orders White to file a supplement to his motion to withdraw that includes the following updates: (1) information regarding whether White has communicated to Defendant that without an attorney to represent Defendant and file appropriate documents in a timely manner, a default judgment may be entered against Defendant JSP Leasing, LLC and the possible consequences of said default judgment; (2) whether Defendant agrees to White's motion and/or intends to actively seek new counsel within thirty (30) days; (3) a certificate of service reflecting the date and manner of White's service on Defendant of both this Order and of White's original motion to withdraw; and (4) any other information White or Defendant deems relevant to the Court's consideration of White's motion.

Plaintiff will have seven (7) days from the date of White's supplement to respond to the motion, if Plaintiff chooses to take a position on the motion.

Lastly, the Court recognizes that the parties have an upcoming deadline of April 15, 2025, to file a Joint Scheduling Plan in anticipation of the Rule 16 Conference set for April 22, 2025. The Court will vacate the deadline to file a Joint Scheduling Plan. For now, the April 22, 2025

court date will remain on the docket, as the Court may need to confer with White and/or the parties regarding the pending motion.

Accordingly,

**IT IS HEREBY ORDERED** that attorney White shall file a supplement to his pending Motion to Withdraw that complies with the requirements identified in this Order no later than **April 11, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff Beverly Jean Black may respond to White's motion to withdraw, if she chooses to take a position on the motion, no later than **April 18, 2025**.

**IT IS FURTHER ORDERED** that the April 15, 2025 deadline to file a Joint Scheduling Plan is **VACATED**.

Failure to comply with this Order may result in sanctions.

Dated this 4th day of April, 2025.

                                                    RODNEY H. HOLMES
                                                    UNITED STATES MAGISTRATE JUDGE